13-4867-cr
*United States v. Colon*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 18th day of November, two thousand and fifteen.

Present:
> PIERRE N. LEVAL,
> PETER W. HALL,
> GERARD E. LYNCH,
>
> *Circuit Judges.*

_____

UNITED STATES OF AMERICA,

> *Appellee*,

> v.                                                  No. 13-4867-cr

EDWIN COLON,

> *Defendant-Appellant.*

_____

| | |
|---|---|
| For Defendant-Appellant: | AMY ADELSON, Dershowitz, Eiger & Adelson, P.C., New York, NY. |
| For Appellee: | PAUL D. SILVER, Assistant United States Attorney, *for* Richard S. Hartunian, United States Attorney for the Northern District of New York, Albany, NY. |

_____

1

Appeal from a judgment of the United States District Court for the Northern District of New York (Sharpe, *J*.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment is **AFFIRMED**.

Defendant Edwin Colon pleaded guilty pursuant to a plea agreement to one count of possession of heroin with the intent to distribute in violation of 21 U.S.C. § 841(a)(1). Although the plea agreement contemplated a guidelines sentencing range of 41 to 51 months, the court determined that Colon was a Career Offender and sentenced him to 188 months imprisonment, at the bottom of the Career Offender Guideline range. We assume the parties' familiarity with the facts, procedural history, and issues presented on appeal.

"A sentencing judge has very wide latitude to decide the proper degree of punishment for an individual offender and a particular crime."[1] *United States v. Cavera*, 550 F.3d 180, 188 (2d Cir. 2008). We will "set aside a district court's *substantive* determination only in exceptional cases where the trial court's decision 'cannot be located within the range of permissible decisions.'" *Id*. at 189 (quoting *United States v. Rigas*, 490 F.3d 208, 238 (2d Cir. 2007)). "This degree of deference is only warranted, however, once we are satisfied that the district court complied with the Sentencing Reform Act's *procedural* requirements." *Id.*

We conclude that Colon's sentence was procedurally reasonable. "[W]e presume that a sentencing judge has faithfully discharged her duty to consider the statutory factors." *United States v. Verkhoglyad*, 516 F.3d 122, 129 (2d Cir. 2008) (internal quotation marks omitted). Although Colon contends that the district court did not consider his argument for a variance

---

[1] The parties dispute whether the proper standard of review is plain error or abuse of discretion. We need not address the parties' arguments because the outcome would be the same under either standard.

based on the factors set forth in 18 U.S.C. § 3553(a), the court heard arguments at sentencing regarding Colon's troubled upbringing, drug addiction issues, and his rehabilitation efforts. The court considered Colon's "incessant" history of criminal behavior, beginning at age sixteen, to be significant, and elected to treat Colon as a Career Offender.[2] Joint Appendix 114. The court noted that Colon had continued to engage in criminal conduct even while he was under court supervision. Based on these considerations, the court determined that the "appropriate sentence" was at the bottom of the Career Offender Guidelines range. JA 114. Although the court could have elaborated further, "we do not require robotic incantations that the district court has considered each of the § 3553(a) factors," *Cavera*, 550 F.3d at 193 (internal quotation omitted), and its explanation was sufficient.

In addition, the sentence was substantively reasonable. In particular, the sentence reflected Colon's prolonged criminal history since his teenage years which, the court determined, outweighed the evidence of his rehabilitation. Although the sentence was severe, we cannot say that it "was shockingly high, . . . or otherwise unsupportable as a matter of law." *United States v. Rigas*, 583 F.3d 108, 123 (2d Cir. 2009).

For these reasons, the judgment is AFFIRMED.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

---

[2] Although Colon contends that the Career Offender Guideline substantially overrepresents his criminal history, he has never disputed that his criminal history meets the criteria for career offender status. *See* USSG § 4B1.1.